IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **TOMMY JOE KELLEY** | § | |
| **(Travis Co. #1101687)** | § | |
| | § | |
| V. | § | A-11-CA-246-SS |
| | § | |
| **GREG HAMILTON** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Center. During the process in which Plaintiff was booked into the Travis County Jail, he was asked if he was going to kill himself. Plaintiff claims he had the right to remain silent after he was arrested. Plaintiff complains that because he refused to answer the question during booking, he was placed in a "rubber room" and was given a paper gown to wear. Plaintiff contends this violates his Miranda rights. Plaintiff sues Sheriff Greg Hamilton. He does not specify the relief he seeks.

## DISCUSSION AND ANALYSIS

A. <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

B. <u>Miranda Rights</u>

Plaintiff contends he has an absolute right to remain silent after his arrest. The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself . . . ." U.S. CONST. AMEND. V. The Supreme Court held in <u>Miranda v. Arizona</u>, 384 U.S. 436, 474 (1966), that once a defendant in custody asks to speak with a lawyer all interrogation must cease until a lawyer is present. The <u>Miranda</u> safeguards apply whenever a person in custody is interrogated, either by express questioning or its functional equivalent. <u>Rhode Island v. Innis</u>, 446 U.S. 291, 300-01 (1980). Interrogation is defined as words or actions that the police should know are reasonably likely to elicit an incriminating response from the suspect. <u>Id.</u>; <u>Gladden v. Roach</u>, 864 F.2d 1196, 1198 (5th Cir. 1989).

The Fifth Circuit held in <u>United States v. Menichino</u>, 497 F.2d 935, 941 (5th Cir. 1974) that biographical questions, which are part of the booking routine and are not intended to elicit damaging statements, are not interrogation for Fifth Amendment purposes. Thus, it is permissible for officers to ask straightforward questions to secure the biographical data necessary to complete the booking process. Several other circuits have also held that questions seeking biographical information for booking purposes do not constitute interrogation or its functional equivalent. <u>See</u> <u>United States v. Morrow</u>, 731 F.2d 233, 237 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1230 (1984); <u>United States v. Kane</u>, 726 F.2d 344, 348-49 (7th Cir. 1984); <u>United States v. Sims</u>, 719 F.2d 375, 378-79 (11th Cir. 1983), <u>cert. denied</u>, 465 U.S. 1034 (1984).

Plaintiff's rights were not violated when he was asked during booking whether he was suicidal. The question was not likely to elicit an incriminating response from the plaintiff. Plaintiff thus cannot complain that jail officials took precautions to prevent suicide when Plaintiff refused to answer the question. In fact, jail officials have an affirmative duty to protect Plaintiff from harm and would have been derelict in their duties had they not taken proper precautions.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge

of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of March, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE